LAKE HOSPITAL SYSTEM, INC., APPELLANT, *v.* OHIO
INSURANCE GUARANTY ASSOCIATION, APPELLEE.

*Supplement to Lake Hosp. Sys., Inc. v. Ohio Ins. Guar. Assn.*

PFEIFER, J., dissenting▮ R.C. 3955.04 requires that "[s]ections 3955.01 to 3955.19 of the Revised Code shall be liberally construed to effect the purpose stated under section 3955.03 of the Revised Code, which shall constitute an aid and guide to interpretation."

R.C. 3955.03 explains that "the purposes of sections 3955.01 to 3955.19 of the Revised Code are to provide a mechanism for the payment of covered claims under certain insurance policies, avoid excessive delay in payment and financial loss to claimants or policyholders because of the insolvency of an insurer, assist in the detection and prevention of insurer insolvencies, and provide an association to assess the cost of such protection among insurers."

Thus, the General Assembly mandates that we liberally construe R.C. 3955.01 through 3955.19 in favor of providing coverage to those victimized by insolvent insurance companies. The majority fails to liberally construe the phrase, "the final date set by a court for filing claims in the liquidation proceedings of the insolvent insurer," in favor of finding coverage for the appellant.

A liberal construction of this phrase reveals that the appellant's claim was filed on time with OIGA. Appellant's claim filed with the Indiana liquidating court on July 18, 1991, was held by that court to be timely filed. Thus, the Indiana court effectively set the "final date" as July 18, 1991.

Appellant filed its claim with OIGA prior to the July 18, 1991 final date. The majority's conclusion that the claim was filed after the final date is, therefore, in error.

I respectfully dissent.